UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH HEPBURN,<br><br>       Plaintiff,<br><br>  -against-<br><br>PETER FERRIS, A/K/A PETE FERRIS, BROTHERS ALUMINUM CORP., BANK OF AMERICA, N.A., M&T BANK CORPORATION and LIBERTY MUTUAL,<br><br>       Defendants. | Case No. 13-CV-05474(LDL)(ARL)<br><br>ECF CASE<br><br><br>**ANSWER WITH CROSS-CLAIMS** |

  Defendant Peter Ferris ("Ferris"), by and through his attorneys, Lisa M. Firshing, Esq., answer the Complaint (hereinafter, the "Complaint") as follows:

  In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendant denies that they violated the law and/or that they harmed Plaintiff in any way.

## NATURE OF THE ACTION

  1. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and therefore deny same.

  2. Defendant Ferris admits the allegations contained in paragraph 2 of the Complaint.

  3. Defendant Ferris deny the allegations contained in paragraph 3 of the Complaint except Defendant Ferris admits he was an employee of Defendant Brothers Aluminum Corp.

1

4. Defendant Ferris admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant Ferris admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and therefore deny same.

7. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint and therefore deny same.

8. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint and therefore deny same.

9. The allegations contained in paragraph 9 of the Complaint set forth legal conclusions to which no response is required, and to the extent a further response is deemed necessary, deny each and every allegation contained in paragraph 9 of the Complaint.

## BACKGROUND

10. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint and therefore deny same.

11. Defendant Ferris admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant Ferris denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant Ferris admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant Ferris denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint and therefore deny same.

16. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint and therefore deny same.

17. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint and therefore deny same.

18. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint and therefore deny same.

19. Defendant Ferris denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant Ferris denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant Ferris denies the allegation contained in paragraph 21 as stated but avers that the check was provided as final payment of the contract.

22. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint and therefore deny same.

23. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint and therefore deny same.

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT – LIBERTY MUTUAL

24. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint and therefore deny same.

25. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint and therefore deny same.

26. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint and therefore deny same.

27. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint and therefore deny same.

28. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint and therefore deny same.

## AS AND FOR A SECOND CAUSE OF ACTION
## CONVERSION – PETER FERRIS & BROTHERS ALUMINIUM

29. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint and therefore deny same.

30. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint and therefore deny same.

31. Defendant Ferris denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant Ferris denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant Ferris denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant Ferris denies the allegations contained in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint set forth legal conclusions to which no response is required, and to the extent a further response is deemed necessary, deny each and every allegation contained in paragraph 35 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
## FRAUD – PETER FERRIS & BROTHERS ALUMINIUM

36. Defendant Ferris denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant Ferris denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant Ferris denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant Ferris denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant Ferris denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant Ferris denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant Ferris denies the allegations contained in paragraph 42 of the Complaint.

43. The allegations contained in paragraph 43 of the Complaint set forth legal conclusions to which no response is required, and to the extent a further response is deemed necessary, deny each and every allegation contained in paragraph 43 of the Complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION
### BREACH OF UCC ARTICLE 3 PROVISIONS – BANK OF AMERICA AND M&T BANK

44. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint and therefore deny the same.

45. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint and therefore deny same.

46. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint and therefore deny same.

47. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint and therefore deny same.

48. Defendant Ferris lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint and therefore deny same.

### AS AND FOR A FIFTH CAUSE OF ACTION
### PIERCING THE CORPORATE VEIL

49. Defendant Ferris denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant Ferris denies the allegations contained in paragraph 50 of the Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION
## UNJUST ENRICHMENT – PETER FERRIS & BROTHERS ALUMINUM

51. Defendant Ferris denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant Ferris denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant Ferris denies the allegations contained in paragraph 53 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55. The claims asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56. The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of waiver.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57. The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58. The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59. The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

60. The claims asserted in the Complaint must be dismissed in their entirety as Plaintiff was paid all wages to which they were due under applicable federal and New York State law.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

61. The Plaintiff did not work for the Defendants during the periods alleged in the Complaint.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

62. The claims asserted in the Complaint are barred and must be dismissed because any injury or damages allegedly suffered by the Plaintiffs were not caused by the acts or omissions of the Defendants and/or are not the types of injuries or damages for which the Fair Labor Standards Act or the New York State Labor Law provide a remedy.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

63. To the extent Plaintiffs have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

64. Plaintiff lacks standing to prosecute the claims purported to be alleged in the Complaint.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

65. The Complaint, and each claim purported to be alleged therein, is barred to the extent the Court lacks subject matter jurisdiction over the stated claims.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

66. Plaintiff is barred, in whole or in part, from recovering any damages because they failed to take reasonable actions to mitigate their alleged damages, if any.

### AS AND FOR FOURTEENTH AFFIRMATIVE DEFENSE

67. Defendants, at all times, acted in good faith and with reasonable grounds for believing that they were not in violation of any provision of the Fair Labor Standards Act or the New York Labor Law and, therefore, among other things, no liquidated or punitive damages should be awarded in this case.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

68. Defendants have not acted in reckless disregard of the Fair Labor Standards Act and have not engaged in any willful violation of the Fair Labor Standards Act and, therefore, only a two year statute of limitation should be applied to the purported claims asserted under the Fair Labor Standards Act.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

69. The Court should not exercise supplemental jurisdiction over the claims in the Complaint that purportedly arise under the New York Labor Law.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred, in whole or in part, by the *de minimus* doctrine.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

71. This action may not be maintained as a collective action because Plaintiff is not similarly situated to or an otherwise adequate representative for the persons who he purports to represent.

**AS AND FOR A FIRST CROSS-CLAIM FOR
INDEMNIFICATION AGAINST THE CO-DEFENDANT(S),**

72. The Answering Defendant repeat, reallege, reiterate and incorporate herein by reference each and every response contained in paragraphs numbered 1 through 71 above, as if same were set forth herein at length.

73. That to the extent the Plaintiff(s) was damaged as alleged herein, and such alleged damages were not the sole and exclusive result of the Plaintiff(s) own negligence, breaches and/or other culpable conduct, then such alleged damages were proximately and solely caused as a result of the negligence, breaches and culpable conduct, as described herein, of the co-Defendants, Brothers Aluminum Corp., Bank of America, N.A., M&T Bank Corporation and Liberty Mutual, and without any fault on the part of the Answering Defendant.

74. That the Answering Defendants is entitled to common law indemnification by and from the co-Defendants, Brothers Aluminum Corp., Bank of America, N.A., M&T Bank Corporation and Liberty Mutual.

75. That, based on the foregoing, if any verdict or judgment is rendered in favor of the Plaintiff(s) and over and against the Answering Defendant, then the Answering Defendant shall be damaged thereby and shall be entitled to judgment over and against the co-Defendants, Brothers Aluminum Corp., Bank of America, N.A., M&T Bank Corporation and Liberty Mutual, for said amount, in addition to costs and attorneys' fees

### AS AND FOR A SECOND CROSS-CLAIM FOR CONTRIBUTION AGAINST THE CO-DEFENDANT(S),

76. The Answering Defendant repeat, reallege, reiterate and incorporate herein by reference each and every response contained in paragraphs numbered 1 through 75 above, as if same were set forth herein at length.

77. That if the Plaintiff(s) sustained damages as alleged in the Complaint, through any fault other than the Plaintiff(s) own fault, then such damages were occasioned solely by the negligence, breaches and/or other culpable conduct of, and are the primary, active and sole fault and responsibility of the co-Defendants, Brothers Aluminum Corp., Bank of America, N.A., M&T Bank Corporation and Liberty Mutual, and their respective agents, servants and/or employees, and the fault, if any, of the Answering Defendant was secondary and passive only, and any and all damages that may be assessed against the Answering Defendant and/or should the Plaintiff(s) obtain and/or recover judgment against the Answering Defendant and/or should the Answering Defendant be held liable under any legal basis, then the co-Defendant(s), Brothers Aluminum Corp., Bank of America, N.A., M&T Bank Corporation and Liberty Mutual, and their respective agents, servants and/or employees of said Defendant(s), shall be liable over to and indemnify the Answering Defendant for the full amount of said judgment and/or claim or for any part hereof obtained and/or recovered on the basis of apportionment of responsibility for the alleged occurrence(s) by virtue of the common law of the State of New York and/or as found by the Court or Jury.

## **RESERVATION OF RIGHTS**

Defendants hereby reserve their right to bring any and all other counterclaims that they may maintain against Plaintiff, including without limitation, counterclaims arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation reveals such further counterclaims.

**WHEREFORE**, Defendant Peter Ferris respectfully request that this Court:

A. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

B. Deny each and every request for relief contained in Plaintiff's Complaint;

C. Award Defendant Peter Ferris his reasonable attorneys' fees and costs of suit; and

D. Award Defendant Peter Ferris any such other and further relief this Court deems just and proper.

Dated: Lynbrook, New York
       December 14, 2013

**LISA M. FIRSHING, ESQ.**

By: /s/ Lisa M. Firshing
    Lisa M. Firshing, Esq. (LF-0641)
    56 Driving Park Avenue
    Lynbrook, New York 11563
    (516)872-4732

*Counsel for Defendant Peter Ferris*