FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAY 0 5 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH HEPBURN,

        Plaintiff,

-against-

PETER FERRIS a/k/a PETE FERRIS, BROTHERS
ALUMINUM CORP., BANK OF AMERICA,
N.A., M&T BANK CORPORATION and
LIBERTY MUTUAL GROUP, INC.,

        Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 13-5474

(Wexler, J.)

APPEARANCES:

B. SHAMUS O'DONNILEY, ESQ., P.C.
BY: B. Shamus O'Donniley, Esq.
Attorneys for Plaintiff
23-15 Steinway Street
Astoria, New York 11105

LISA M. FIRSHING, ESQ.
Attorney for Defendant Peter Ferris
56 Driving Park Avenue
Lynbrook, New York 11563

SACCO & FILLAS, LLP
BY: Mathew W. Beckwith, Esq.
    Luigi Bandimarte
Attorneys for Defendant Brothers Aluminum Corp.
31-19 Newtown Avenue
Astoria, New York 11102

WEXLER, District Judge:

       In this action, Plaintiff Joseph Hepburn ("Plaintiff" or "Hepburn") brings this action claiming conversion, fraud and unjust enrichment against Defendants Peter Ferris ("Ferris") and

Brothers Aluminum Corp. ("Brothers Aluminum"). Plaintiff and both Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. Proc."). For the reasons stated below, the Court finds that issues of fact exist that preclude granting summary judgment.

## BACKGROUND

As reflected in the parties' Local 56.1 Statements submitted in connection with their motions, the following facts are undisputed: Plaintiff Hepburn is the owner of a premises in Baldwin, New York, which suffered damage as a result of Hurricane Sandy in October 2012. In January 2013, Hepburn's insurer, Liberty Mutual Group Inc. ("Liberty Mutual") issued a check in the amount of $50,784.51, payable to Joseph Hepburn, Wells Fargo Bank NA and Sovereign Bank for compensation for the property damages suffered.

It is undisputed that Plaintiff entered in to a contract with Defendant Brothers Aluminum to perform home repairs in November 2012, but a dispute exists as to the amount of that contract. Brothers Aluminum's 56.1 Statement asserts that the contract amount was $80,300, and that after further renovations were requested on the second floor of the premises, the total final price for the renovations was $87,690.00. Plaintiff disputes this, denying that any further work on the second floor was requested, and asserts that the one written contract was never fully performed by Defendant. See Plaintiff Hepburn's Rule 56.1 Counter Statement of Brothers Aluminum Undisputed Material Facts ("Plaintiff's Response"), ¶¶ 1-4. It is undisputed that Plaintiff made three (3) three (3) $10,000.00 payments to Brothers Aluminum. See Plaintiff's Response, ¶ 5.

There is also no dispute that originally Plaintiff deposited the Liberty Mutual check into his account at Bank of America, which was rejected, since, although endorsed by Hepburn, it was

not endorsed by the other payees, Wells Fargo Bank, N.A. and Sovereign Bank. See Response of Peter Ferris to Plaintiff's 56.1 Statement of Undisputed Material Facts ("Ferris Response"), ¶ 6; Response of Brothers Aluminum to Plaintiff's 56.1 Statement ("Brothers Aluminum Response"), ¶ 6. It is also undisputed that the check was later deposited by Brothers Aluminum into its account without the endorsement of Wells Fargo and Sovereign Bank. See Ferris Response, ¶ 7; Brothers Aluminum Response, ¶ 7.

Yet, a significant dispute exists as to why Plaintiff gave Brothers Aluminum the check. In his complaint, Plaintiff alleges that he was told by Defendant Ferris that Ferris could "get that check deposited" through Ferris' bank account. Complaint ("Cmplt."), ¶¶ 19-20. Defendants Ferris and Brothers Aluminum assert that Plaintiff endorsed the check in blank, and handed the check to Ferris. See 56.1 Statement of Peter Ferris, ¶¶ 9, 10; 56.1 Statement of Brothers Aluminum, ¶¶ 9,10. Plaintiff disputes this, asserting that he intended for the check to be deposited in his own account, evidenced by the account number written on the check, and that Ferris was not handed, but "took" the check. See Plaintiff's Response, ¶¶ 9, 10.

By order dated January 20, 2015, this Court granted M&T Bank's motion to interplead the funds at issue, and directed that $50,784.51, with applicable interest, if any, be deposited into the registry of the Court. See Order at docket entry 90.

## DISCUSSION

The standards for summary judgment are well settled. Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); Mihalik v. Credit Agricole Cheuvreux North America, Inc., 2013 WL

1776643 (2d Cir. 2013). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004).

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002), quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As the Supreme Court has stated, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984), quoting SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996), quoting Research Automation Corp., 585 F.2d at 33.

The Court has reviewed the parties' submissions and concludes that issues of material fact preclude summary judgment. Various issues of material fact exist, including, most importantly,

whether or not Plaintiff gave Defendant Ferris the check for payment for work done by Ferris and Brothers' Aluminum in accordance with the repair contract between the parties, or whether the check was given by Plaintiff to be ultimately deposited in Plaintiff's account. Accordingly, Plaintiff's and Defendants' motions for summary judgment are denied. See Fed. R. Civ. P. 56(a) (a party seeking summary judgment must demonstrate that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law"); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Mihalik v. Credit Agricole Cheuvreux North America, Inc., 2013 WL 1776643 (2d Cir. 2013).

## CONCLUSION

For the foregoing reasons, Plaintiff' and Defendants' motions for summary judgment are denied. Counsel are reminded that jury selection for the trial of this matter is scheduled for May 18, 2015 at 9:30 a.m.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
May 6, 2015

-5-